## GERLACH LIVE STOCK CO. v. UNITED STATES.

### No. 47601.

United States Court of Claims

July 10, 1950.

Edward Francis Treadwell, San Francisco, Cal., for plaintiff. Treadwell & Laughlin, San Francisco, Cal., were on the brief.

Ralph S. Boyd, Washington, D. C., with whom was Assistant Attorney General A. Devitt Vanech, for the defendant.

### Special Findings of Fact

1. At all times herein material plaintiff was a corporation, organized and existing

under the laws of the State of California, and authorized to do business in the State of California.

2. For several years prior to October 20, 1941, and until the 9th day of May 1942, plaintiff was the owner in fee, in the possession and entitled to possession, of all those certain parcels of land situate in the county of Merced, State of California, described as follows:

All of Section 23; all of Section 26; and the North half of the Southwest quarter of Section 21, Township 8 South, Range 11 East, M. D. B. & M., containing 1,360 acres.

On the 9th day of May 1942, plaintiff conveyed the property to C. A. Crane, and thereafter and on the 14th day of May 1942, C. A. Crane conveyed the same to Strathearn Brothers, a co-partnership, composed of R. P. Strathearn, J. L. Strathearn, George F. Strathearn and David L. Strathearn, and they ever since have been the owners of the property, together with its tenements, hereditaments, and appurtenances, except for the taking by defendant hereinafter set forth.

This case involves many of the same facts found by this Court in the cases entitled Stevinson v. United States, 76 F. Supp. 99, 111 Ct.Cl. 89, and Gerlach Live Stock Company v. United States, 76 F. Supp. 87, 111 Ct.Cl. 1.

The findings of fact in the Stevinson and Gerlach cases, supra, designated by number below are adopted as findings in this case and are incorporated in these findings by reference. Each such finding is given the number in this case set opposite it in the parallel columns below.

| Number of finding in the case at bar | Number of finding in Stevinson case |
| --- | --- |
| 3 | 3 |
| 4 | 4 |
| 5 | 5 |
| 6 | 6 |

7. Miller & Lux Incorporated is and at all times here involved was a corporation organized and existing under the laws of the State of Nevada and doing business in the State of California.

Prior to any of the times here involved, Miller & Lux Incorporated became the owner of large areas of land, beginning with a narrow strip at Gravelly Ford and extending in varying widths down the San Joaquin Valley to approximately the junction of the Merced River with the San Joaquin River, among which lands were certain of those described in the petition of the plaintiff. Plaintiff became the owner of the lands described in its petition, except those in Section 21, as successor to Miller & Lux Incorporated by mesne conveyances. A large portion of the lands owned by Miller & Lux Incorporated was riparian to the San Joaquin River, or to sloughs or branch channels thereof, and in some instances to both.

| Number of finding in the case at bar | Number of finding in Stevinson case | Number of finding in Gerlach case |
| --- | --- | --- |
| 8 | | 10 |
| 9 | | 11 |
| 10 | | 12 |
| 11 | | 13 |
| 12 | 9 | |

13. Stevinson finding 12, except the sentence which reads, "The appropriative and prescriptive rights confirmed in Miller & Lux Incorporated and its subsidiaries by the agreement quoted in finding 11 are included in the above tabulation," is adopted as finding 13 in this case.

In addition to the water rights therein mentioned, the East Side Canal & Irrigation Company and the Stevinson Water District (a public corporation) have a right to appropriate and divert from the San Joaquin River into their canal at a point upstream from plaintiff's lands 1,189 acre-feet of water during the month of April, 1,797 acre-feet of water during the month of May, and 3,588 acre-feet of water during the month of June in any year, when needed to meet the contingency that the Merced Irrigation District should at any time cease to spill those quantities of water into the canal in excess of the 24,000 acre-feet of water which the Merced Irrigation District is obligated to spill into the canal as set forth in finding 20 of the findings in the case of East Side Canal & Irrigation

Co., et al. v. United States, 76 F.Supp. 836, 111 Ct.Cl. 124, which finding is incorporated herein by reference, and in the event of any such contingency to use it for beneficial purposes.

| Number of finding in the case at bar | Number of finding in Stevinson case |
|---|---|
| 14 | 13 |
| 15 | 14 |
| 16 | 15 |
| 17 | 16 |
| 18 | 17 |
| 19 | 18 |
| 20 | 19 |
| 21 | 20 |
| 22 | 21 |
| 23 | 22 |
| 24 | 23 |
| 25 | 24 |
| 26 | 25 |
| 27 | 26 |
| 28 | 27 |
| 29 | 28 |
| 30 | 29 |
| 31 | 30 |
| 32 | 31 |
| 33 | 32 |
| 34 | 33 |
| 35 | 34 |
| 36 | 35 |
| 37 | 36 |
| 38 | 37 |
| 39 | 38 |
| 40 | 39 |

41. All of the land described in finding 2 hereof lies and is bordered upon and is penetrated and traversed by sloughs and branch channels of the San Joaquin River and is riparian thereto.

42. On October 20, 1941, the difference between the fair market value of the land described in finding 2 hereof with riparian rights to the use of the water of the San Joaquin River and the fair market value without such riparian rights was $12,240.00.

43. On the 18th day of March 1943, Gerlach Live Stock Company, a corporation, sold, assigned, transferred and set over to Strathearn Brothers its claim, demand, right and cause of action against the United States of America for compensation for the taking by defendant through the Bureau of Reclamation, Department of the Interior, of the United States of America, of the waters of the San Joaquin River for storage in and diversion at Friant Dam as against the right of said Gerlach Live Stock Company as the owner of the land described in finding 2 hereof. The consideration for such transfer was the payment of the sum of $10.00 by Strathearn Brothers to Gerlach Live Stock Company for the claim. There has been no assignment or transfer of the claim herein or any part thereof other than the transfer herein set forth. The plaintiff brings this action for the use and benefit of said Strathearn Brothers, assignees.

### Conclusion of Law

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover, and it is therefore adjudged and ordered that plaintiff, for and on behalf of Strathearn Brothers, assignees, recover of and from the United States twelve thousand two hundred forty dollars ($12,240.00), plus an amount to compensate plaintiff for delay in payment computed at four (4) percent per annum from October 20, 1941, until paid.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and POWELL, Judges.

### PER CURIAM.

For the reasons stated in the opinion in Gerlach Live Stock Company v. United States, 76 F.Supp. 87, 111 Ct.Cl. 1, and for the reasons set forth in the opinion of the Supreme Court in United States v. Gerlach Live Stock Company, 70 S.Ct. 955, and other cases, Nos. 4, 5, 6, 7, 8 and 9, October term, 1949, delivered June 5, 1950, judgment is hereby rendered against the defendant in favor of plaintiff, for and on behalf of Strathearn Brothers, assignees, in the sum of $12,240.00, plus an amount for delay in payment computed at 4 per cent per annum from October 20, 1941, until paid.